IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ABC SUPPLY CO., INC.**                                                                                                        **PLAINTIFF**

**v.**                                                                             **Civil Action No. 3:25-cv-144-DMB-JMV**

**ALL IN ONE RENOVATIONS LLC, ET AL.**                                        **DEFENDANTS**

## ORDER STRIKING ANSWER

This matter is before the court *sua sponte* to strike the Answer filed by All in One Renovations, LLC, on June 20, 2025. On May 9, 2025, Plaintiff ABC Supply Co., Inc. initiated this lawsuit by filing a complaint [Doc. 1] against All in One Renovations, LLC and Charles Thomas Roberts, Jr. Summons were returned executed showing All in One Renovations, LLC served on May 19, 2025, and Charles Thomas Roberts, Jr. served on May 17, 2025. [Doc. 3 and 4]. On June 10, 2025, Plaintiff filed a motion for entry of default [Doc. 5] due to the Defendants' failure to timely file an answer to the complaint, and the Clerk entered default as to both All in One Renovations, LLC and Charles Thomas Roberts, Jr. on June 11, 2025 [Doc. 6]. On May 20, 2025, an Answer was filed by All in One Renovations, LLC [Doc. 7].

While Roberts may represent himself, All in One Renovations LLC may not represent itself, and it may appear in this action only through a licensed attorney admitted to practice in this court. The purported answer [Doc. 7] does not appear to have been filed on behalf of Roberts, as it was signed only by All in One Renovations, LLC. The June 17, 2025, letter attached as Exhibit 1 to the purported answer was signed only by Patty Roberts. *See* Ex. 1 to [Doc. 7]. There is no indication that Patty Roberts is a licensed attorney admitted to practice in this court. Accordingly, she may not represent All in One Renovations, LLC.

As U.S. Magistrate Judge Percy explained in *Travis v. Hall Tires & Collection, LLC*,:

> The United States Supreme Court has held that the right to represent oneself or proceed *pro se* is guaranteed by 28 U.S.C. § 1654. However, that "right is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, *pro se*." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993). It is well settled law in the Fifth Circuit that "a corporation can appear in a court of record only by an attorney at law." *Southwest Express Co. v. *932 Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982). "A corporation as a fictional legal person can only be represented by licensed counsel." *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981). The limitation on proceeding *pro se* extends to limited liability companies as well. *See IntelliGender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2012 WL 1118820, *2 (E.D. Tex. April 3, 2012). In other words, a limited liability company may not represent itself or have an owner or officer represent it in federal court unless that person is a licensed attorney.

No. 3:23CV209-MPM-RP, 2023 WL 6055499, at *1 (N.D. Miss. Sept. 15, 2023).

Therefore, the Answer [Doc. 7] filed on behalf of Defendant All in One Renovations, LLC shall be and is hereby STRICKEN and the Clerk is directed to strike the answer of the Defendant LLC. The Clerk is further ordered to mail a copy of this order to All in One Renovations, LLC at the address provided on the envelope that contained the stricken answer: 1651 Dancy Blvd., Ste 4, Horn Lake, Mississippi 38637.

**SO ORDERED**, this the 23rd day of June, 2025.

/s/ Jane M. Virden
**United States Magistrate Judge**